### John Coles & Company v. James A. Flack.

1. AGENTS—*When Entitled to Commissions.*—A person who suffers another in good faith to assist him in the sale of a street roller and accepts the benefit of such assistance is liable to such person for his services.

Assumpsit, for services. Appeal from the County Court of Effingham County; the Hon. D. L. WRIGHT, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

S. F. GILMORE and W. S. HOLMES, attorneys for appellant.

R. C. HARRAH, attorney for appellee; E. N. RINEHART, of counsel.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

This suit was brought by appellee against appellant, before a justice of the peace of Effingham county, and was appealed to the County Court of that county, where appellee recovered a judgment against appellant for $43.50, for services claimed to have been performed by appellee for appellant, in the sale of a street roller to the city of Effingham.

Five errors are assigned on the record, all of which are substantially condensed into one, in the brief and argument of counsel for appellants, and that is, that the evidence was insufficient to warrant the jury in finding a verdict for the plaintiff, and that therefore the court erred in refusing defendant's instruction asked at the close of plaintiff's evidence in chief and renewed at the close of all the evidence in the case, which directed the jury to find for the defendant.

The question thus presented for determination is, was there evidence before the jury which by itself was sufficient to uphold the verdict? (It not only seems strange, but it is very annoying to us, that counsel who are asking this court to give a negative answer to this question, should have omitted to abstract the written correspondence concerning the sale of the roller; but such is the case, and we are referred in the abstract to the pages in the record where the letters may be found, and not a word of the letters is abstracted by counsel on either side, and perhaps we ought to regard this omission as a contempt for the rules of this court.)

The substantive facts concerning the matter in dispute between the parties are, that in the latter part of August, 1897, one R. C. Pope, who resided in St. Louis, was the patentee and had the patterns necessary for constructing "Pope's Reversible Street Roller," and was endeavoring to have it manufactured as best he could with his limited means, and had become indebted to foundries for castings, and had pledged his patterns to the foundries to secure the indebtedness.

Pope and appellant occupied a room together in a building in St. Louis, as their office and place of business, and seem to have been closely allied.

About the 3d of September, 1897, an arrangement was made between Coles and Pope, whereby Coles advanced to Pope about $1,300 for the purpose of redeeming his patterns and for other purposes. To secure Coles, Pope mortgaged to him his patterns and also his roller patent, and under the arrangement Coles was to have the right and

privilege to manufacture rollers under the patent, and Pope was to sell them, and the proceeds of the sales were to be received by Coles, who, after paying the cost of manufacture, was to apply the net proceeds of the sales on Pope's indebtedness to him until it was paid. Appellee knew nothing of the arrangement.

Some time in the fore part of October, 1897, a roller was sold to the city of Effingham, by Pope, through the assistance of appellee, for $435, and the proceeds of the sale were directed by Pope to be paid to Coles, which was done.

The correctness of appellee's claim, so far as the amount of it is concerned, is not contested, but it is insisted by appellant that appellee was employed by Pope and was Pope's agent and that there is no evidence that Pope had any authority from appellant to employ appellee to assist in making the sale, or that appellant knew that appellee had been so employed before the sale was completed.

Even if it be admitted that appellant was not informed by Pope and did not know that appellee had been employed as an assistant at the place where the roller was to be delivered, in making the sale, this court is not prepared to say that, considering all the circumstances under which the sale was made, and the acceptance by appellant of the money for the roller, which, but for the services of appellee, would probably not have been sold at all, that as a matter of law, appellant was not liable for the commissions. It may not have appeared to the jury reasonable that Pope, who was without means to pay for assistance, could have been expected to remain in his office in St. Louis and conduct sales of rollers to municipalities a long distance away, by direct correspondence with their offices only; but aside from any inference of this character, there was evidence tending to show that Pope had employed appellee to assist in selling the roller to the city, and appellant knew that such employment was really for his benefit, and that when the contract was closed and the roller shipped, appellee was expecting his pay would come from the money received in payment for it.

We do not think it important to recount all of the items of evidence tending to show that appellee was, in good faith and with appellant's knowledge, acting for whoever was the owner of the roller, in making the sale of it, and that appellant accepted the benefit of appellee's services with knowledge of this fact.

In this view of the evidence it is unnecessary to examine further as to the exact relation which Pope held to appellant under the agreement between them.

We are of the opinion that the evidence in the case was such that on a fair consideration of it, all reasonable persons would not agree that it was insufficient to sustain the verdict found by the jury, and we are further of the opinion that the court did not err in refusing to give the instruction directing the jury to find for the defendant.

Finding no error in the record the judgment of the County Court is affirmed.